Ashburn, J.
Plaintiff avers there is error in the procedings and judgment of the court below in this:
1. That the court erred in dissolving the order of injunction heretofore granted.
2. That the court erred in refusing to grant a perpetual injunction.
3. That the court erred in dismissing the cause.
4. That the court erred in rendering judgment against the plaintiff for costs.
*218 5. That the court erred in rendering judgment in favor of defendants, when, by the evidence and by the laws of the land, judgment therein should have been rendered in favor of plaintiff*.
Two questions only arise upon the record. One of law, the other of fact.
The legal question involves the power of the board of county commissioners to make the order for the deepening and widening of the ditch. A want of such power would require a reversal of the judgment; but, if it i's found, upon the state of facts shown by the record, that the commissioners had jurisdiction over the subject-matter, then the question of fact is to be considered, did Harris, the contractor, execute the work of deepening and widening of the J. H. Smith ditch No 1 on the original line of the ditch? This is a controverted fact, and the testimony upon it appears in the record.
The question of law, to be clearly understood, will require a statement of facts upon which it rests..
Plaintiff was ordered to construct that portion of the James Ii. Smith ditch No. 1 originally established upon his land. This he undertook to do. The line of the original ditch on his land was clearly staked or marked, its width and depth designated in the order of the board ordering the improvement and confirming the report of the engineer who had been appointed to survey the route of the improvement. A natural watercourse traversed the land of plaintiff in the general direction of the line of’the ditch, but not on the line of- the ditch as established and ordered to be constructed.
The plaintiff did not dig the ditch on the line established, but adopted for it, on his own responsibility, the line of the watercourse through his premises. He did not, in fact, construct any ditch upon his premises, other than cleaning the brush and timber from the bed of the watercourse. Plaintiff', as a witness, testified: “ I knew where a part of the stakes of the old ditch were when I dug the ditch; I did not follow the stakes, but followed the channel as directed *219 b}^ the commissioners.” Andrew McCullough, called as a witness by plaintiff, testified: “Know the location of the old run or watercourse; I helped Crawfis clean out the run under the old location of the south ditch.”
After cleaning out the watercourse, Crawfis applied to the board of commissioners to accept his work, but, from some cause, it was not accepted or approved. No complaint being made to the county auditor that Crawfis had failed to dig the ditch as ordered, the matter rested in that condition until Smith and others, in 1869, under the act of 1868, petitioned for and obtained from the proper authority an order for deepening and widening the ditch. The work of deepening and widening this ditch was assigned, under the statute, to Crawfis. He neglecting to perform the work, the contract was sold to defendant Harris. Harris entered upon plaintiff’s land to perform his contract. Plaintiff notified him to leave. Harris declined to do so, performed his contract, and the tax sought to be enjoined was levied.on plaintiff'’s land to pay for the costs, etc., of the work.
Dpon this state of ease, plaintiff claims the board of commissioners had no power to order the original ditch to be deepened and widened as ordered. We think the board had jurisdiction over the subject-matter, and power to make the order. In 1869, when the petition was filed, praying for this ditch to be improved, the board of commissioners found in its office the record of a ditch, known as the James H. Smith ditch No. 1, previously established and ordered to be constructed upon the lands of plaintiff'. When acting upon the petition filed in 1869, the board found the ditch was imperfectly constructed, and failed to perform the purpose for which it was established, jurisdiction over the ditch as a new improvement under the act of 1868 was exhausted.
The act of 1868 (S. & S. 318), is broad enough to cover such a case as this. Under its provisions the board is authorized to exercise jurisdiction : 1. To cause an established ditch to be cleaned out; 2. To cause a ditch to be widened; and 3. To cause it to be deepened. And in either ease to *220 charge the cost thereof against the land owner. As conservators of the public health, convenience, and general welfare, the board had power to cause a ditch, lawfully established, but imperfectly constructed, as the proofs show this one was, to be improved as requested and ordered in this case.
Plaintiff asks a court, upon equitable considei’ations, to grant him relief. He can invoke favorable consideration in that jurisdiction only with clean hands. He must be free from any considerable fault. How does the plaintiff stand in this respect ? lie was ordered by competent authority, under due observance of the forms of law, to construct the ditch upon his premises a certain depth and along a defined line. This he failed to do. Ry reason of his neglect or omission, the ditch failed to perform the office for which it had been established. And now, when the law steps in, authorizing a stranger to complete the ditch, and he does work plaintiff" should have performed, but failed to perform, plaintiff must not complain that the burden of the cost is attached to his laud.
Plaintiff claims the work done by Harris, if done in obedience to the order of the board of commissioners, was not on the line of the original ditch, as surveyed by Skinner, the engineer who laid out the James II. Smith ditch No. 1. This claim raises the question of fact in the case. ¥e find some conflict in the testimony on this point, but think the preponderance of the proof is clearly in support of the judgment of the lower court. The testimony on this point is as follows : -
Crawford testified: “Harris’ ditch does not follow the old survey; at one place it is 115 feet away; the new ditch is on the old line in three places.”
M. A. Chambers testified: “ Know Crawfis’ land, was over it both before and after Harris dug the ditch; Harris’ ditch not on the line of the old ditch.”
John Maidlow testified : “Was present with the surveyor when J. H. Smith ditches, the original ditches, were surveyed and located; Geo. Skinner was the surveyor; James *221 H. Smith was along.” . . “ In the deepening and. widening we commenced the line as in the old survey cf the origiual ditch; when we came to Crawfis’ land we followed the original line; found some old stakes and marks on trees; there was no ditch at all on the upper end of Crawfis’ land ; Harris purchased what was apportioned to Crawfis.” . . “ The new ditch followed the line of the old one ; the new survey crossed the old line perhaps a dozen times; the meanderings was not in the line of the old ditch.”
L. E. Holtz testified: “I am the engineer who located the deepening and widening of the James H. Smith ditch; I went to the auditor’s office and got a plat of the old ditch from the record; surveyed the deepening and widening; made grade line; commenced at the upper end. and followed the line through to the river; followed the line of the old ditch as near as I could find it.” . . . “I examined the ditch after it was constructed; it was completed according to the specifications; it was practically on the line ; I saw it the same day, or the day after it was completed, and granted a certificate.”
Cross-examined. — “ Took copy of the old plat, not of the bearings and distances; guided myself by plats, stakes, etc.; can not tell distance by plat; we found old stakes down to stake 184, and blazed trees.”
James H. Smith testified : “Was one of the petitioners for James II. Smith ditch, Skinner was surveyor; was present at both surveys; was present with Holtz on deepening and widening; started at commencement of original ditch; followed line as run by Skinner, by stakes and blazes; through Crawfis’ land we found one or two stakes missing; indicated the new line by old line, by stakes and blazes.”
“ The channel of the watercourse through the Crawfis’ land has changed a hundred times; on the second survey we followed the stakes and blazes; followed substantially the line of the old survey.”
The judgment of a court upon the facts, like the verdict of a jury, where there is a conflict in the testimony, will *222 not be disturbed by this court, unless it is unsupported by the proofs. Prom the proof in this case we are. satisfied that the line run by the engineer, Holtz, and on which Harris did the work, was substantially the line of the ditch as originally surveyed and established. The case, as made, presents no error in the law or on the facts of the case authorizing this court to disturb the judgment of the district court.

Judgment affirmed.